**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALANI NUTRITION, LLC, a Kentucky Limited Liability Company, | |
| *Plaintiff*, | |
| v. | Civil Action No. |
| RYSE UP SPORTS NUTRITION, LLC, a Texas Limited Liability Company, PAIGE HATHAWAY, an individual, | JURY TRIAL DEMANDED |
| *Defendants*. | |

**COMPLAINT**

Plaintiff Alani Nutrition, LLC ("Alani Nu"), by and through its undersigned counsel, hereby brings this Complaint against Defendant Ryse Up Sports Nutrition LLC ("Ryse Up") and Defendant Paige Hathaway ("Hathaway") (collectively, "Defendants") for damages and injunctive relief, and in support thereof states as follows:

**NATURE THE ACTION**

1.      This is a complaint for copyright infringement, contributory copyright infringement, false advertising, unfair competition, and unjust enrichment arising from Defendants' willful misappropriation of Alani Nu's valuable copyrighted images and unlawful copying of Alani Nu's promotional campaign for its Alani Nu Kimade energy drink launch.

2.      Alani Nu is a well-known health and wellness brand founded in 2018 that offers for sale a variety of food and beverages, such as energy drinks, protein shakes, protein coffee beverages, as well as nutritional supplements. Alani Nu has achieved widespread fame and recognition with consumers, partly through its efforts in extensive marketing, creative promotions, collaborations with public figures, and limited releases of energy drink products.

3.      Most recently, Alani Nu collaborated with Kim Kardashian to launch an exclusive, limited-edition Alani Nu energy drink called "Kimade." The highly sought-after Kimade product launched on July 17, 2023 and sold out within twenty days.

4.      To promote the product launch, Alani Nu designed, created and organized a photo shoot for Ms. Kardashian to be photographed with the Alani Nu Kimade energy drink. The photo shoot consisted of a blonde Ms. Kardashian dressed in white, posing with gym equipment and the pink Alani Nu Kimade energy drinks. The images from the photo shoot and produced by the photo shoot are protected by U.S. copyright law (the "Copyrighted Works" as further defined herein).

5.      The Copyrighted Works instantly achieved widespread recognition when they were shared on Alani Nu and Kim Kardashian's respective Instagram accounts, reaching as many as 364 million followers of the accounts.  The initial joint post by Alani Nu and Ms. Kardashian nearly 2.1 million "likes" by consumers in mere days. Accordingly, the Copyrighted Works are valuable assets to Alani Nu.

6.      Disregarding Alani Nu's substantial investment and rights in the Copyrighted Works, Defendants intentionally and knowingly created an image that directly copies Alani Nu's Copyrighted Works, as shown below (the "Infringing Image" as further defined herein):

| Alani Nu's Copyrighted Work | Infringing Image |
|---|---|
|  | |

7.    Defendants boldly used the Infringing Image to advertise and sell a pink-colored Ryse Up energy drink that directly competes with the Alani Nu Kimade energy drink. Specifically, Defendants posted the Infringing Image on their respective Instagram accounts, reaching at least 3.6 million consumers.

8.    Defendants' conduct has not only flagrantly infringed the Copyrighted Works but has also significantly devalued Alani Nu's multi-million dollar investment in its Alani Nu x Kim Kardashian collaboration. Defendants' infringing conduct has caused irreparable harm to Alani Nu's business, reputation, and consumer goodwill in Illinois. Such conduct constitutes false advertising and unfair competition, under federal and Illinois state laws, as well as copyright infringement under the U.S. Copyright Act.

9.    Alani Nu seeks a permanent injunction barring Defendants from continuing to engage in such unlawful acts, as well as monetary damages for the harm to Alani Nu's business, reputation, consumer goodwill, and intellectual property, including monetary damages to account for Defendants' exploitation and capitalization of a costly advertising campaign that Defendants' did not invest in, an accounting of the profits that Defendants secured for themselves from Defendants' wrongful conduct, punitive damages, and the attorneys' fees and costs incurred by Alani Nu in enforcing these laws against Defendants' willful misconduct.

## THE PARTIES

10.    Plaintiff Alani Nutrition, LLC is a limited liability company organized under the laws of Kentucky and has a principal place of business at 2858 Frankfort Ave., Louisville, Kentucky 40206. Alani Nu is, and was, at all relevant times referenced in this Complaint, fully qualified to do business in the State of Illinois.

11.    Defendant Ryse Up Sports Nutrition, LLC ("Ryse Up") is a limited liability company organized under the laws of Texas and has a principal place of business at 4210 Blue Sage Dr., Prosper, Texas 75078. Ryse Up offers for sale and sells nutritional supplements and energy drinks, and competes with Alani Nu's in the relevant marketplace, including in Illinois.

12.     On information and belief, Paige Hathaway is an individual residing at 9131 Windy Crest Dr., Dallas, Texas 75243. On information and belief, Ms. Hathaway is a fitness influencer who works with Ryse Up to promote Ryse Up's nutritional supplements and energy drink products.

13.     On information and belief, Defendants posted the Infringing Image (Exhibit 4) on their respective social media accounts on July 27, 2023, and as a result of Defendants' publication of the Infringing Image, Defendants sold products within this District.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1337 and 1338(a) and (b), because the claims arise out of federal questions concerning federal copyright infringement pursuant to 17 U.S.C. § 101 and federal false designation of origin and false advertising pursuant to 15 U.S.C. § 1125.

15.     This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

16.     This Court has personal jurisdiction over Defendant Ryse Up, because it offers for sale and sells its products to consumers in Illinois, at retail stores such as The Vitamin Shoppe and Walmart, and through its website at <ryseupps.com>. Specifically, Ryse Up directs its business activities towards Illinois residents through its website and its social media accounts. On information and belief, Ryse Up derives substantial revenue from its sales in Illinois.

17.     This Court has personal jurisdiction over Defendant Hathaway, because Hathaway has committed willful and unlawful acts that form the basis for and are the but-for cause of Alani Nu's injuries giving rise to this action in Illinois. For instance, Hathaway has over 3.6 million Instagram followers, many of whom, on information and belief, live in Illinois who had access to, viewed, liked, or commented on the Instagram post featuring the Infringing Image (as defined herein). On information and belief, Hathaway's unlawful acts are expressly aimed at Illinois, in part, because Hathaway knowingly and intentionally copied and imitated Alani Nu's Copyrighted

Works to compete with Alani Nu with the specific knowledge, understanding, and desire to target consumers in Illinois. On information and belief, Hathaway regularly transacts business within the State of Illinois, regularly and purposely direct business activities toward Illinois and its residents and derives substantial revenue from posts viewed and/or products bought by or consumed in Illinois. For instance, Hathaway regularly visits Illinois for business, and shares those stories of Illinois with her Instagram followers. She shared her time in Illinois as recently as July 28-30, 2023, and hosted a workout event in Mokena, Illinois on July 28, 2023, the same time that the Instagram post featuring the Infringing Image was posted and available. (*See* Exhibit 4.)

18. Finally, on information and belief, Defendants knew about Alani Nu's prior rights in the Copyrighted Works and had prior access to the Copyrighted Works, and the goodwill and brand reputation established in Illinois, this District and therefrom before creating and using the Infringing Image (as defined herein). On information and belief, Defendants also knew that their conduct is likely to cause harm in this District, where damage to Alani Nu's goodwill is likely to be sustained.

19. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Defendants' copyright infringement, and false designation of origin and unfair competition law claims occurred in this District, where Ryse Up's nutritional supplements and energy drink products are sold—often right alongside Alani Nu's.

## FACTUAL ALLEGATIONS

20. Founded in 2018, Alani Nu is a health and nutrition company that offers a variety of food and beverage products, including nutritional supplements, energy drinks, protein shakes, coffee drinks, powdered drink mixes, gummy fruit snacks, and protein bars.

21. Alani Nu's products are sold at, among other outlets, national retailers, convenience stores, and grocery stores, including The Vitamin Shoppe, Target, Kroger, Publix, Sam's Club, Walmart, CVS, 7-Eleven, GNC, and Speedway, as well as online on Amazon and Alani Nu's website at <alaninu.com>.

22.     One of Alani Nu's more popular products is its energy drink beverages that come in a variety of sweet and/or fruity flavors and are packaged in colorful and eye-catching cans.

23.     Alani Nu promotes its products on the Internet via its own social media account accounts (i.e., Instagram, TikTok, Facebook, YouTube), its website at <alaninu.com>, and through its "collaborations" with third party influencers.

24.     Alani Nu has gained fame and recognition in the health and nutrition industry, in part because Alani Nu has collaborated with celebrities and public figures to release limited-edition co-branded products. For instance, Alani Nu has released limited edition energy drinks with TikTok star Addison Rae and fitness influencer Whitney Simmons. Each of Alani Nu's collaborations are highly sought after and sell out quickly.

25.     As a result of Alani Nu's extensive marketing, promotion, advertising, and sales activity throughout the United States, Alani Nu's brand has acquired enormous value and achieved widespread recognition among the consuming public as a premium and prominent health and nutrition company.

26.     Recently, Alani Nu partnered with celebrity Kim Kardashian to create and launch an exclusive, limited edition Alani Nu energy drink called Kimade, as shown below:

 

27.     Alani Nu invested a substantial amount of time and resources in the Alani Nu x Kim Kardashian collaboration. As part of the collaboration, Alani Nu designed, created, organized, and paid for a professional photo shoot for Ms. Kardashian to be photographed with the Alani Nu

Kimade product, with the intention of using the photographs from the shoot as part of a nationwide marketing campaign.

28.     The photo shoot produced numerous original images that were used to promote and market the Alani Nu Kimade product launch. Among the original photographs is the following:



29.     The above image consists of a blonde woman wearing a simple white one-piece bathing suit and white heels, posing in front of metal gym equipment and free weights, including a weight bench, barbell, gymnastic rings, and dumbbells, and pink energy drinks, in a pink-colored gym. One pink energy drink is under the woman and several pink energy drinks are clustered together to the right of the woman.

30.     The photo shoot also produced several original images of the background, such as the following:



31.     To protect its substantial investment in the Alani Nu x Kim Kardashian collaboration, Alani Nu owns registrations with the U.S. Copyright Office for its original photos:

| Copyright Registration Number | Copyrighted Work |
|---|---|
| Kimade Workout Image<br>VA 2-356-652<br>2-D Artwork |  |

| Workout Post Scene<br>VAu001502724<br>2-D Artwork |  |

Copies of the registration certificates for the above registrations are attached as **Exhibits 1-2** and are collectively referred to as the "Copyrighted Works."

32. The copyright registrations for the Copyrighted Works are valid and enforceable.

33. Alani Nu and Kim Kardashian jointly posted the copyrighted Kimade Workout Image on their respective Instagram accounts to promote the Alani Nu Kimade energy drink on July 10, 2023, as shown below and attached as **Exhibit 3**:



34. Alani Nu and Kim Kardashian's Instagram post with the copyrighted Kimade Workout Image received immediate and extensive recognition. In particular, the post reached at least 364 million collective followers and quickly received nearly 2.1 million likes with over 15,000 comments.

35. Because of the widespread recognition of the Instagram post, consumers have come to associate the Kimade Workout Image with Alani Nu's Kimade product and Alani Nu generally.

## <u>DEFENDANTS' WILLFUL INFRINGEMENT OF THE COPYRIGHTED WORKS</u>

36. In the midst of the successful launch of the Alani Nu Kimade product, and the widely popular Instagram post with Kim Kardashian, Defendants Ryse Up and Hathaway saw an opportunity to unfairly capitalize off of Alani Nu's success.

37. Specifically, on information and belief, Defendants deliberately chose to copy

Alani Nu's Copyrighted Works, and mimic Alani Nu's widely successful campaign for the Alani Nu Kimade product, to unlawfully promote Ryse Up's own, pink-colored energy drink.

38.     On information and belief, Defendants organized a photo shoot, where Defendants recreated the Alani Nu Kimade photo shoot. On information and belief, Defendants chose to have blonde Hathaway dress in a simple white bathing suit, with white heels, like Kim Kardashian in the Kimade Workout Image, and pose in front of metal gym equipment, including a weight bench, barbells, gymnastic rings, and dumbbells, with pink energy drinks, in a pink-colored gym. Defendants placed one pink energy drink under blonde Hathaway with several other pink energy drinks clustered together on a silver tray to the right of the woman, identical to the Copyrighted Worked.

39.     On July 27, 2023, Hathaway posted an image from the recreated photo shoot on her Instagram account directed to her 3.6 million followers that was nearly identical to and derivative of the Copyrighted Works, as shown below and attached as **Exhibit 4**:



11

(the "Infringing Image.")

40.    That same day, Ryse Up shared the Infringing Image on its Instagram account with its more than 34,000 followers, as shown below and attached as **Exhibit 5**:



41.    Defendants had access to the Copyrighted Works because the Kimade Workout Image was posted publicly on social media by Alani Nu and Kim Kardashian. Moreover, there is no reasonable explanation for the similarities between the Infringing Image and the Copyrighted Works.

42.     Defendants' Infringing Image is nearly identical to and derivative of the Copyrighted Works, as shown by the side-by-side comparison of Alani Nu's Kimade Workout Image and the Infringing Image, as they were posted on Instagram, below:

| Kimade Workout Image | Defendants' Infringing Image |
| --- | --- |



43.     Both images incorporate, amongst other similarities, a blonde woman, dressed in a white bathing-suit, with white heels, posing next to metal gym equipment, and pink-colored energy drinks in a pink colored gym.

44.     On information and belief, Defendants intentionally copied the Kimade Workout Image and Workout Post Scene protected by U.S. Copyright law to profit off the original, creative works over which Alani Nu has exclusive rights.

45.     As Defendants intended, consumers have recognized that the images are nearly identical and that Defendants have intentionally attempted to copy Alani Nu's Copyrighted Works. For instance, below are examples of comments from Hathaway's Instagram post incorporating the Infringing Image:

- "This is Alani Nu's ad!"
- "Absolutely a big fan of yours & no disrespect but why #1 throw shade at another woman and #2 most importantly, copy another person's energy drink ad??"
- "Man I loved you forever but this is so petty!"
- "Thought this was Kim K at first glance for the Alani drink collab"
- "@alaninutrition did it better"
- "Super weird to copy @alaninutrition"
- "Rip off of @alaninutrition collab with Kim k"
- "I think I saw it somewhere?"
- "Is this a copycat to @kimkardashian and @alaninutrition drink!?"
- "omg it's copied"
- "Yasss….move over @alaninutrition my money is going where the hard work is ACTUALLY PUT IN"

46.     On information and belief, Defendants created the Infringing Image for commercial purposes to promote Ryse Up's competing energy drink product, and not as a parody. For instance, Hathaway commented on her Instagram post acknowledging that she was intentionally copying the Alani Nu x Kim Kardashian collaborative post, as shown below:







47.     On information and belief, Defendants knew that the Alani Nu Kimade promotion incorporating the Copyrighted Works was catchy and effective advertising, and that by deliberating copying that advertising, Defendants would generate more recognition and sales of the competitive Ryse Up energy drinks. For instance, once consumer posted the following the Instagram post reposting the Infringing Image and confirming the consumers intent to switch away from Alani Nu's products to Ryse Up products:



48.     On information and belief, Defendants knew that they did not have authorization from Alani Nu to copy or create a derivative copy of either of the Copyrighted Works. For instance, Defendants knew they did not have a license or express agreement with Alani Nu.

49.     Despite this knowledge, Defendants willfully created an infringing derivative copy of the Copyrighted Works and displayed the Infringing Image publicly for commercial gain.

50.     On information and belief, Defendants also knew that some consumers would mistakenly believe that the Ryse Up advertisement was associated with or sponsored by Alani Nu, which would also unfairly generate more sales of Ryse Up's competing energy drink products, to Alani Nu's detriment.

51.     Defendants' conduct, and specifically, the deliberate promotion of competing, pink-colored energy drinks with the Infringing Image, is a false and misleading advertising that is deceiving the consuming public into believing that that Ryse Up's energy drinks are associated with or sponsored by Alani Nu.

52.     On July 28, 2023, Alani Nu sent Defendants a letter demanding that they immediately and permanently cease and desist from any further infringement of Alani Nu's intellectual property rights. A copy of that demand letter is attached as **Exhibit 6**.

53.     Defendants never responded to Alani Nu's demand letter.

54.     On July 28, 2023, Alani Nu submitted a takedown notice pursuant to the Digital Millennium Copyright Act to Instagram notifying Instagram of the infringement and requesting that Instagram take down the infringing post. A copy of that take down notice is attached as **Exhibit 7**.

55.     The Instagram post with the Infringing Image was taken down by July 29, 2023.

56.     Defendants have significantly harmed and will continue to cause damage and irreparable harm to Alani Nu's business, reputation, and consumer goodwill.

57.     Defendants knowingly copied Alani Nu's Copyrighted Works, without asking Alani Nu for permission or compensating Alani Nu in any way, using the Infringing Image to promote a pink-colored energy drink that directly competes with Alani Nu's Kimade pink-colored energy drink. For instance, Defendants' deliberately copied Alani Nu's original marketing

campaign, and reaped benefits from that unlawful conduct, without incurring the costs associated with the design, production, and launch of that campaign, as well as the costs associated with the collaboration with Kim Kardashian.

58.     On information and belief, consumers in this District and nationwide have been deceived into believing that Defendants' Infringing Image is associated with Alani Nu and/or that Ryse Up's energy drinks are affiliated with and/or sponsored by Alani Nu.

59.

60.     Further, Defendants' conduct has significantly devalued Alani Nu's investment in the newly launched, limited edition Alani Nu Kimade product. Defendants have caused injury to the reputation and consumer goodwill that Alani Nu has cultivated and invested in the Copyrighted Works, the Alani Nu Kimade marketing campaign and the Kimade product.

61.     Defendants' conduct has further created consumer confusion in the marketplace and harmed and diluted Alani Nu's goodwill with its customers, advertisers, collaborators and current or future business partners.

## COUNT I
## COPYRIGHT INFRINGEMENT OF COPYRIGHT REG. NO VA 2-356-652
(17 U.S.C. § 101 *et seq.*)
(Against Both Defendants)

62.     Alani Nu repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

63.     Alani Nu is the exclusive owner of Copyright Reg. No. VA 2-356-652 for the Kimade Workout Image. The copyright registration is valid and enforceable.

64.     The copyrighted Kimade Workout Image contains significant original and nonfunctional design elements that comprise copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101, *et seq.*

65.     As the owner of rights in the Kimade Workout Image, Alani Nu possesses exclusive rights to reproduce the Kimade Workout Image, prepare derivative works based on the copyrighted work, and distribute copies of the copyrighted work in the United States.

66.     On information and belief, Defendants have directly copied and/or created derivative works from the Kimade Workout Image for their promotion of Ryse Up energy drinks.

67.     Defendants posted the Infringing Image as part of a competitive marketing campaign and Instagram post available to over 3.6 million consumers.

68.     On information and belief, Ryse Up generated goodwill and product sales from the Instagram post incorporating the Infringing Image.

69.     On information and belief, Hathaway was compensated for her involvement in and the publication of the Instagram post incorporating the Infringing Image.

70.     On information and belief, Defendants' infringement of Alani Nu's copyrighted Kimade Workout Image was willful and deliberate with Defendants profiting from that infringement.

71.     As a direct result of these acts of copyright infringement by Defendants, Alani Nu has suffered great and irreparable damage, the full extent of which is currently unknown, while Defendants position themselves for unjust enrichment at Alani Nu's substantial expense.

72.     Defendants' acts have caused, and unless such acts are restrained by this Court, will continue to cause substantial and irreparable harm to Alani Nu. Among other things, Defendants' actions have caused and will continue to cause monetary harm (through diverted sales, lack of

licensing fees to Alani Nu, and lack of compensation to Alani Nu for the resources that Alani Nu invested in creating the Kimade Workout Image and launching the Alani Nu Kimade campaign featuring the Kimade Workout Image) as well as harm to Alani Nu's brand, goodwill, and reputation.

73.     As a result of Defendants' actions, Alani Nu is suffering, and will continue to suffer, great and irreparable damage unless and until Defendants are permanently enjoined by this Court.

## COUNT II
## COPYRIGHT INFRINGEMENT OF COPYRIGHT REG. NO VAu001502724
### (17 U.S.C. § 101 *et seq.*)
(Against Both Defendants)

74.     Alani Nu repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

75.     Alani Nu is the exclusive owner of Copyright Reg. No. VAu001502724 for the Workout Post Scene. The copyright registration is valid and enforceable.

76.     The copyright Workout Post Scene contains significant original and nonfunctional design elements that comprise copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101, *et seq.*

77.     As the owner of the Workout Post Scene, Alani Nu possesses exclusive rights to reproduce the Workout Post Scene, prepare derivative works based on the copyrighted work, and distribute copies of the copyrighted work in the United States.

78.     On information and belief, Defendants have directly copied and/or created derivative works from the Workout Post Scene for their promotion of Ryse Up energy drinks.

79.     Defendants posted the Infringing Image as part of a competitive marketing campaign and Instagram post available to over 3.6 million consumers.

80.     On information and belief, Ryse Up generated goodwill and product sales from the Instagram post incorporating the Infringing Image.

81.     On information and belief, Hathaway was compensated for her involvement in and the publication of the Instagram post incorporating the Infringing Image.

82.     On information and belief, Defendants' infringement of Alani Nu's copyrighted Workout Post Scene was willful and deliberate, with Defendants profiting from that infringement.

83.     As a direct result of these acts of copyright infringement by Defendants, Alani Nu has suffered great and irreparable damage, the full extent of which is currently unknown, while Defendants position themselves for unjust enrichment at Alani Nu's substantial expense.

84.     Defendant Ryse Up's acts have caused, and unless such acts are restrained by this Court, will continue to cause substantial and irreparable harm to Alani Nu. Among other things, Defendant Ryse Up's actions have cause and will continue to cause monetary harm (through diverted sales, lack of licensing fees to Alani Nu, and lack of compensation to Alani Nu for the resources that Alani Nu invested in creating the Workout Post Scene and launching the Alani Nu Kimade campaign featuring the Workout Post Scene) as well as harm to Alani Nu's brand, goodwill, and reputation.

85.     As a result of Defendants' actions, Alani Nu is suffering, and will continue to suffer, great and irreparable damage unless and until Defendants are permanently enjoined by this Court.

## COUNT III
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
(17 U.S.C. § 101 et seq.)
(Against Defendant Ryse Up)

86.     Alani Nu repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

87.     On information and belief, Defendant Ryse Up directed, solicited, or induced Defendant Hathaway to copy, display, and/or distribute the Infringing Image and make derivatives of the Infringing Image without Alani Nu's authorization in violation of 17 U.S.C. § 501.

88.     Defendant Ryse Up knew and/or had reason to know that Defendants were not authorized to copy or make derivative copies of the Copyrighted Works.

89.     Hathaway was involved in and posted the Infringing Image on her Instagram account to her 3.6 million followers with a link to Ryse Up's Instagram account.

90.     Defendant Ryse Up's direction and inducement of Defendant Hathaway has injured Alani Nu.

91.     Defendant Ryse Up profited from the infringing acts of Defendant Hathaway by receiving ill-gotten sales from the promotion incorporating the Infringing Image.

92.     Defendant Ryse Up's acts have caused, and unless such acts are restrained by this Court, will continue to cause substantial and irreparable harm to Alani Nu. Among other things, Defendant Ryse Up's actions have caused and will continue to cause monetary harm (through diverted sales) as well as harm to Alani Nu's brand, goodwill, and reputation.

93.     As a result of Defendant Ryse Up's actions, Alani Nu has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT IV
## FEDERAL FALSE ADVERTISING AND UNFAIR COMPETITION
(15 U.S.C. 1125(a))
(Against Both Defendants)

94.     Alani Nu repeats and realleges all of the factual allegations made above and incorporate them herein by reference.

95.     Defendants are using an Infringing Image that copies and is derived from the Alani Nu's advertising material for the Alani Nu Kimade product to promote a competing product.

96.     Defendants' usage of the Infringing Image with its own advertising material is likely to mislead, or have misled, consumers about the nature, characteristics, and quality of Defendants' products, and are likely to cause, or have caused, consumers to falsely believe, among other things, that Defendants' products are associated with or sponsored by Alani Nu.

97.     Defendants' usage of the Infringing Image with its own advertising material is likely to influence consumers' purchasing decisions and/or encourage consumers to purchase Ryse Up products instead of Alani Nu products.

98.     Defendant Ryse Up's products are sold in interstate commerce.

99.     By reason of and as a direct and proximate result of Defendants' unlawful acts and practices, Defendants have caused, are causing, and, unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to Alani Nu, for which there is no adequate remedy at law, and for which Alani Nu is entitled to injunctive relief.

100.    Alani Nu continues to be irreparably harmed by Defendants' wrongful conduct, for which it has no adequate remedy at law.

## COUNT V

### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS 510)
(Against Both Defendants)

101.     Alani Nu repeats and realleges all of the factual allegations made above and incorporate them herein by reference.

102.     On information and belief, Defendants' acts of creating the Infringing Image and posting the Infringing Image on Instagram to at least 3.6 million followers, as described herein, and using the Infringing Image to promote a competing energy drink, have been made with the intent to trick consumers into purchasing the Ryse Up energy drink and/or believe that the Ryse Up energy drink is associated with or sponsored by Alani Nu.

103.    Defendants knew, or in the exercise of reasonable care should have known, that the Infringing Image used to promote a competing energy drink was misleading.

104.    Defendants' acts constitute a violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 505.

105.    On information and belief, Defendants have willfully engaged in the deceptive trade practices complained of herein.

106.    Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Alani Nu.

107.    Defendants have unjustly gained goodwill, revenue and profits by virtue of their wrongful acts that they otherwise would not have obtained and to which they are not entitled. For instance, Defendants' have profited from the use of the Infringing Image through diverted sales, lack of licensing fees to Alani Nu, and lack of compensation to Alani Nu for copying their original marketing campaign incorporating the Copyrighted Works, to Alani's detriment. Furhter, Defendants did not compensate Alani Nu in any way to use the Infringing Image and did not incur the costs associated with the design, production, and launch of the Alani Nu Kimade campaign, as well as the costs associated with the collaboration with Kim Kardashian.

108.    Alani Nu has been injured and will continue to incur attorneys' fees costs in bringing the present action.

## COUNT VI

**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**(815 ILCS 505)**
(Against Both Defendants)

109.    Alani Nu repeats and realleges all of the factual allegations made above and incorporate them herein by reference.

110. On information and belief, Defendants' acts of creating the Infringing Image and posting the Infringing Image on Instagram to at least 3.6 million followers, as described herein, and using the Infringing Image to promote a competing energy drink, have been made with the intent of trick consumers into purchasing the Ryse Up energy drink and/or believe that the Ryse Up energy drink is associated with or sponsored by Alani Nu.

111. Defendants knew, or in the exercise of reasonable care should have known, that the Infringing Image used to promote a competing energy drink was misleading.

112. Defendants' acts constitute a violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510.

113. On information and belief, Defendants have willfully engaged in the deceptive trade practices complained of herein.

114. Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Alani Nu.

115. Defendants' have unjustly gained revenue and profits by virtue of its wrongful acts that they otherwise would not have obtained and to which they are not entitled. For instance, Defendants' have profited from the use of the Infringing Image through diverted sales, lack of licensing fees to Alani Nu, and lack of compensation to Alani Nu for copying their original marketing campaign incorporating the Copyrighted Works, to Alani's detriment. Further, Defendants did not compensate Alani Nu in any way to use the Infringing Image and did not incur the costs associated with the design, production, and launch of the Alani Nu Kimade campaign, as well as the costs associated with the collaboration with Kim Kardashian.

116. Alani Nu has been injured and will continue to incur attorneys' fees costs in bringing the present action.

## COUNT VII
## UNJUST ENRICHMENT
## (ILLINOIS COMMON LAW)
(Against Both Defendants)

117.    Alani Nu repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

118.    Alani Nu invested substantial time, resources, and money into launching the Alani Nu Kimade energy drink, including by designing and organizing a photo shoot to promote the launch. The photo shoot resulted in original images that Alani Nu used promote the Alani Nu Kimade product.

119.    Defendants have unfairly and intentionally made derivative copies of the Copyrighted Works, and mimicked Alani Nu's advertising campaign for the Alani Nu Kimade product, towards deceiving consumers into purchasing Ryse Up's competing energy drink.

120.    Defendants have derived, and continue to derive, unfair and illicit profits by trading off of the Copyrighted Works and/or the reputation and goodwill of the Alani Nu advertising campaign for the Alani Nu Kimade product. For instance, Defendants' have profited from the use of the Infringing Image through diverted sales, lack of licensing fees to Alani Nu, and lack of compensation to Alani Nu for copying their original marketing campaign incorporating the Copyrighted Works, to Alani's detriment. Further, Defendants did not compensate Alani Nu in any way to use the Infringing Image and did not incur the costs associated with the design, production, and launch of the Alani Nu Kimade campaign, as well as the costs associated with the collaboration with Kim Kardashian.

121.    It would be unjust for Defendants to be permitted to retain the illicit profits they earned through the sales of Ryse Up products that originated from consumers viewing the

Instagram post incorporating the Infringing Image, as well as through foregoing the significant costs associated with the marketing the original campaign.

122.    The acts described above constitute unjust enrichment under Illinois common law.

123.    Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause substantial and irreparable injury to Alani Nu.

124.    Alani Nu has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Alani Nu respectfully seeks the following relief:

1.    Entry of judgment for Alani Nu on each of its claims;

2.    An order and judgment permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from,

a.    unauthorized use, display, distribution, copying, and imitation of the Copyrighted Works; and

b.    directly or indirectly engaging in false advertising, and engaging in unfair business acts, practices and/or conducts against Alani Nu;

3.    An award of actual, compensatory, special, consequential, and/or statutory damages sustained by Alani Nu as a result of Defendants' infringement and misconduct, and/or an accounting of Defendants' profits that are attributable to the infringement and misconduct, and/or an accounting of lost licensing fees, and reimbursement for the significant expenditures that Alani Nu invested in creating the Copyrighted Works for use as part of the Alani Nu Kimade campaign;

4.    An award of general damages for injury to reputation and goodwill Alani Nu has sustained as a result of Defendants' infringement and misconduct;

5.    Punitive or exemplary damages;

6. Restitution of any and all lost profits as a result of Defendants' unlawful, unfair, and fraudulent actions;

7. Pre- and post-judgment interest on any past damages;

8. Costs of suit and reasonable attorneys' fees; and

9. Any and all other legal and equitable relief as may be available under law and which the Court may deem proper.

## **JURY DEMAND**

Alani Nu demands a jury trial on all causes of action so triable.

Dated: August 7, 2023

Respectfully submitted,

/s/ Herbert H. Finn
GREENBERG TRAURIG, LLP
Herbert H. Finn
finnh@gtlaw.com
Jacqueline J. Brousseau
Jacqueline.brousseau@gtlaw.com
Molly J. Carr
carrm@gtlaw.com
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel: 312.456.8444 / Fax: 312.456.8435

*Attorneys for Plaintiff Alani Nutrition, LLC*