## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ALANI NUTRITION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23 C 5196 |
| | ) | |
| RYSE UP SPORTS NUTRITION, LLC, and | ) | |
| PAIGE HATHAWAY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court are Defendants' combined motions to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue. Defendants alternatively move to transfer the case to the Eastern District of Texas under 28 U.S.C. § 1404(a). For the reasons that follow, the Court grants Defendants' motion to dismiss for lack of personal jurisdiction, and the remaining motions are denied as moot.

## BACKGROUND

The following facts come from the complaint and are assumed true for the purpose of this motion. *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007). All reasonable inferences are drawn in Plaintiff's favor. *Id.*

Plaintiff Alani Nutrition, LLC ("Alani Nu" or "Plaintiff") is a well-known health and wellness brand founded in 2018 that offers for sale a variety of food and beverages, such as energy drinks, protein shakes, protein coffee beverages, as well as nutritional supplements. Alani Nu has achieved widespread fame and recognition with consumers, partly through its efforts in extensive marketing, creative promotions, collaborations with public figures, and limited releases of energy drink products.

Alani Nu recently collaborated with celebrity Kim Kardashian to launch an exclusive, limited-edition Alani Nu energy drink called "Kimade." The highly sought-after Kimade product launched on July 17, 2023, and sold out within twenty days. To promote the product launch, Alani Nu designed, created, and organized a photo shoot for Ms. Kardashian to be photographed with the Alani Nu Kimade energy drink. The photo shoot consisted of a blonde Ms. Kardashian dressed in white, posing with gym equipment and the pink Alani Nu Kimade energy drinks.

The photo shoot produced numerous original images that were used to promote and market the Alani Nu Kimade product launch. To protect its substantial investment in the Alani Nu / Kim Kardashian collaboration, Alani Nu owns registrations with the U.S. Copyright Office for its original photos (the "Copyrighted Works"). Among the original photos is the following:



The Copyrighted Works instantly achieved widespread recognition when they were shared on Alani Nu and Kim Kardashian's respective Instagram accounts, reaching as many as 364 million followers of the accounts. The initial joint post by Alani Nu and Ms. Kardashian acquired nearly 2.1 million "likes" by consumers in mere days. Accordingly, the Copyrighted Works are valuable assets to Alani Nu.

Disregarding Alani Nu's substantial investment and rights in the Copyrighted Works, Defendants, Ryse Up Sports Nutrition, LLC ("Ryse") and Paige Hathaway, intentionally and knowingly created an image that directly copies Alani Nu's Copyrighted Works (the "Infringing Image"):



The Infringing Image is nearly identical to and derivative of the Copyrighted Works. Defendants used the Infringing Image to advertise and sell a pink-colored Ryse energy drink that directly competes with the Alani Nu Kimade energy drink. Specifically, Defendants posted the Infringing Image on their respective Instagram accounts, reaching at least 3.6 million consumers. Hathaway even commented on her Instagram post acknowledging that she was intentionally copying the Alani Nu / Kim Kardashian collaborative post.

On July 28, 2023, Alani Nu sent Defendants a letter demanding that they immediately and permanently cease and desist from any further infringement of Alani

Nu's intellectual property rights.  Defendants never responded to Alani Nu's demand letter.

Also on July 28, 2023, Alani Nu submitted a takedown notice pursuant to the Digital Millennium Copyright Act to Instagram notifying Instagram of the infringement and requesting that Instagram take down the infringing post.  The Instagram post with the Infringing Image was taken down by July 29, 2023.

Based on the above facts, Plaintiff initiated this action against Defendants, raising claims for copyright infringement, false advertising and unfair competition, consumer fraud, and unjust enrichment.  Defendants move to dismiss this case for lack of personal jurisdiction and improper venue, or, in the alternative, to transfer venue.

After briefing on Defendants' motion was complete, Plaintiff learned that on October 29, 2023, Ryse announced that it was a "presenting partner" and "official energy drink of the Chicago Bulls," and that the CEO posted on LinkedIn that "I've been working on this for a while!  RYSE Fuel Energy drink is now the Official Energy Drink of the Chicago Bulls!" Dkt. #24-4.  Upon learning this information, Alani moved for leave to file a supplemental brief in opposition to Defendants' motion to dismiss, contending that this information not only establishes general personal jurisdiction over Ryse but also blatantly contradicts statements made in the CEO's declaration accompanying the motion to dismiss, namely, "Ryse does not conduct business meetings in Illinois," "Ryse's managerial decisions are not made in Illinois," and "Ryse

does not negotiate contracts from Illinois." Dkt. # 24, at 2 (citing Dkt. # 17-1). That motion is denied.

## **LEGAL STANDARD**

A Rule 12(b)(2) motion to dismiss tests whether a federal court has personal jurisdiction over a defendant. If a court lacks personal jurisdiction over a party to an action, it must dismiss the case as to that party. Fed. R. Civ. P. 12(b)(2). A complaint need not include facts alleging personal jurisdiction, but when a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating personal jurisdiction over the defendant. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014); *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In determining whether personal jurisdiction exists, we accept all well-pleaded allegations in the complaint as true. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). The Court may consider affidavits or other evidence in opposition to or in support of its exercise of jurisdiction. *Purdue Rsch.*, 338 F.3d at 783. "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id.* We resolve factual disputes in the plaintiff's favor, but unrefuted assertions by the defendant will be accepted as true. *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

Rule 12(b)(3) allows a party to move to dismiss an action for improper venue. Fed. R. Civ. P. 12(b)(3). When deciding a motion to dismiss under Rule 12(b)(3), the

Court must accept the allegations in the plaintiff's complaint as true unless those allegations are contradicted by evidence submitted by the defendant. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016). Against a Rule 12(b)(3) challenge, the Court must resolve any factual disputes and draw all reasonable inferences in the plaintiff's favor. *See Gilman Opco LLC v. Lanman Oil Co.*, 2014 WL 1284499, at *2 (N.D. Ill. 2014). When venue is improper, the Court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a).

## **DISCUSSION**

### I. **Personal Jurisdiction**

### A. **Defendant Hathaway**

The Due Process Clause authorizes personal jurisdiction over out-of-state defendants when the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Courts recognize two types of personal jurisdiction: general and specific. *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014). General jurisdiction is "all-purpose"; it exists only "when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Id.* at 122 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*,

564 U.S. 915, 919 (2011)) (cleaned up). Plaintiff does not argue this Court has specific jurisdiction over Hathaway, and so our analysis focuses on general jurisdiction.

The threshold for a finding of general personal jurisdiction is high; it requires a party to have engaged in systemic and continuous activity in the forum state such that it approximates physical presence. *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). Plaintiff's argument that Hathaway is subject to general personal jurisdiction in Illinois boils down to essentially one point: Hathaway has millions of social media followers, which include Illinois residents. So, because Hathaway derives "substantial income" from sponsorship deals and endorsements in connection with her social media posts (which are viewed by Illinois residents), and that she directly interacts with her followers (including Illinois residents) on social media platforms, she is essentially "at home" in Illinois. This argument lacks merit.

Defendants argue—persuasively—that Hathaway's business contacts are insufficient to establish general personal jurisdiction. Hathaway does not maintain an office or have employees in Illinois, she does not regularly send agents to Illinois to conduct business, and she has no registered agent in Illinois. She traveled to Illinois for business purposes one time in the past year. Outside of her posts and other internet activity, and the rare appearance at fitness related events, she does not advertise or solicit business in Illinois. She estimates that less than 1% of her income in the past year came from Illinois.

Plaintiff argues that Hathaway's direct interaction with her followers and consumers is highly distinguishable from a mere "internet presence" or "maintenance of an interactive website," which courts have repeatedly found insufficient to establish general personal jurisdiction.[1]  Dkt. # 20, at 12.  Placement of content on the internet, by itself, does not subject the poster to personal jurisdiction in any state in which someone accesses that content.  Nor is a single visit to Illinois for business purposes in the past year enough; isolated or sporadic contacts—such as occasional visits to the forum state—are also insufficient for general jurisdiction.  *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985).

The Seventh Circuit has cautioned that general jurisdiction "should not lightly be found."  *Kipp v. Ski Enter. Corp. of Wisc.*, 783 F.3d 695, 698 (7th Cir. 2015).  It has stated that having "an interactive website . . . should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible.  To hold otherwise would offend traditional notions of fair play and substantial justice." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) (cleaned up).  We think the same principle applies in this case. Exercising general personal jurisdiction over Hathaway here simply because her social media activity reaches Illinois residents would mean that every social media influencer is "at home" in every state in which they have followers.  Such a proposition would

---

[1] Plaintiff says it is "telling[]" that none of the authority cited by Defendants "involves social media influencers or individuals who primarily derive revenue and generate business through an interactive online business." Dkt. # 20, at 11.  Yet, Plaintiff itself fails to cite any such case law supporting its own position.

stretch the boundaries of personal jurisdiction far beyond constitutional limits. Plaintiff has not met its burden of establishing a prima facie case for general personal jurisdiction over Hathaway.

### B. Ryse

#### a. General Jurisdiction

Plaintiff also argues that the Court has general personal jurisdiction over Ryse. The paradigmatic example of where a corporation is "essentially at home" is its place of incorporation and principal place of business. *Goodyear*, 564 U.S. at 924. Only in an "exceptional case" will general jurisdiction be available anywhere else. *Daimler*, 571 U.S. at 139 n.19. The "exceptional case" turns on "whether that corporation's affiliations with the State are so 'continuous and systematic' as to render [it] *essentially at home* in the forum State." *Id.* at 138–39 (quoting *Goodyear*, 564 U.S. at 919) (emphasis added) (internal quotation marks omitted). A court must appraise more than just the "magnitude of the defendant's in-state contacts" to find the defendant "essentially at home" in a place other than where the corporation is incorporated or has its principal place of business. *See id.* at 139 n.20 (cleaned up). The court must also assess a "corporation's activities in their entirety, nationwide and worldwide." *Id.* ("A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States."); *see also Garcia v. NutriBullet, L.L.C.*, 2022 WL 3574699, at *2 (C.D. Cal. July 14, 2022) (finding no general

10

jurisdiction over Amazon in California because the connection with the forum was not unique).

Plaintiff alleges that Ryse's products have been and are currently being distributed and offered for sale at retail stores such as GNC, Vitamin Shoppe, and Wal-Mart, and by distributing its products through these retailers without restriction, Ryse knowingly and intentionally distributes products into Illinois and derives substantial revenue from sales in Illinois. Plaintiff further alleges that Ryse is directly distributing products to significant retailers in Illinois with the intention of targeting a large consumer audience in Illinois.

It is well settled that "mere advertisement and solicitation [in Illinois] does not subject a defendant to personal jurisdiction." *Inman v. Howe Freightways, Inc.*, 2015 IL App (1st) 1150224-U, ¶ 20 (citing *Riemer v. KSL Recreation Corp.*, 348 Ill. App. 3d 26, 36 (1st Dist. 2004)); *see also Elayyan v. Sol Melia, SA*, 571 F. Supp. 2d 886, 899 (N.D. Ind. 2008) ("General jurisdiction cannot be based on nationwide advertising alone."). As for the distribution and sales of products, Ryse clearly "does business" in Illinois. But "this fact falls far short of showing that Illinois is a surrogate home" for Ryse. *Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 2017 IL 121281, ¶ 19. There is no indication that Ryse's relationships with other companies to store, distribute, and market its products in Illinois are exclusive or unique to Illinois, as opposed to a part of Ryse's national operations—with the exception of the recent partnership with the Chicago Bulls. *See Kosar v. Columbia Sussex Mgmt., LLC*, 2021 WL 5356753, at *5

(N.D. Ill. Nov. 16, 2021); *Congdon v. Cheapcaribbean.com, Inc.*, 2017 WL 5069960, at *7 (N.D. Ill. Nov. 3, 2017) (finding contacts with Illinois insufficient to exercise general jurisdiction where the same contacts occurred in all fifty states, including Illinois, and nothing suggested "that any solicitation, advertising, or sales were conducted with any specificity to Illinois"). But even if the Court were to consider Ryse's recent partnership with the Chicago Bulls, it is still not enough to show Ryse is "at home" in Illinois.[2] "Doing business" is no longer the standard. Under the "sprawling view of general jurisdiction" urged by Plaintiff, "any substantial manufacturer or seller of goods would be amenable to suit, on any claim for relief, wherever its products are distributed." *Goodyear*, 564 U.S. at 930. Plaintiff has not established a prima facie case for general personal jurisdiction over Ryse.

### b. Specific Jurisdiction

In contrast to general jurisdiction, specific jurisdiction "depends on an affiliation between the forum and the underlying controversy." *Id.* at 919 (cleaned up). Specific

---

[2] Personal jurisdiction "is determined at the time of the filing of the complaint and any contact that the defendants had with Illinois after that time cannot give rise to a basis of personal jurisdiction." *Villalobos v. Castañeda*, 2013 WL 5433795, at *6 n.8 (N.D. Ill. 2013); *see also Matlin v. Spin Master Corp.*, 921 F.3d 701, 707 (7th Cir. 2019) (personal jurisdiction cannot be based on a contact that did not exist with the plaintiff initiated the action); *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 877–78 (7th Cir. 2006); *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir. 2002) ("[J]urisdiction is normally determined as of the date of the filing of the suit."); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 43 F. Supp. 2d 904, 910 (N.D. Ill. 1999) ("While pre-suit activities may rise to the level of a 'fair warning' that a defendant may be haled into a court in the forum state, post-suit activities cannot serve to warn the defendant of an event that has already occurred."); *Page v. Democratic Nat'l Comm.*, 2020 WL 8125551, at *3 (N.D. Ill. 2020), *aff'd as modified,* 2 F.4th 630 (7th Cir. 2021) ("The relevant contacts are those in January 2020—the time Plaintiffs brought this action."). Plaintiff filed this action in August 2023, and counsel for Ryse represented in an email to Plaintiff that the Chicago Bulls contacted Ryse about a sponsorship agreement in September 2023. Dkt. # 24-5, at 1.

jurisdiction applies when a defendant has directed its activities at the forum state, and the cause of action relates to those activities. *Burger King*, 471 at 472. To make out a prima facie case of specific personal jurisdiction, a plaintiff must adequately allege three elements: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland*, 682 F.3d at 673 (cleaned up). The Seventh Circuit has held that "the contacts supporting specific jurisdiction can take many different forms." *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 426 (7th Cir. 2010). What is essential is that the defendant's contacts be purposefully directed at the forum state. *Id.*; *Burger King*, 471 U.S. at 475. The requisite connection to the forum must arise from the defendant's conduct so that the defendant would anticipate being hauled into court there. *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014).

Plaintiff alleges specific jurisdiction exists because Ryse has purposely directed the sale of its energy drinks in Illinois. According to Plaintiff, since Ryse energy drinks are "actively being sold in Illinois at major retailers, consumers who viewed Ryse Up's advertisement on Instagram could only purchase the energy drink at one of those distributors in this Judicial District. Therefore, Ryse Up's contacts with Illinois are sufficient to support the exercise of personal jurisdiction" over Ryse. Dkt. # 20, at 9.

This is essentially a repackaging of Plaintiff's arguments in support of general jurisdiction.

Ryse's products are sold at retailers nationwide; there is nothing specific or unique about the sale of its products in Illinois. And, again, a defendant's contacts with a forum state are not *all* relevant to determining whether a plaintiff's claims relate to or arise out of a defendant's contacts; only those contacts that "bear on the substantive legal dispute between the parties or relate to the operative facts of the case" are relevant. *GCIU–Emp'r Ret. Fund*, 565 F.3d at 1024; *see also uBid*, 623 F.3d at 429. This lawsuit is based on Ryse's posting of the infringing image on its Instagram account. Plaintiff points to no evidence to suggest the post was in any way directed to Illinois or specifically curated for an Illinois audience. We find that Ryse could not reasonably anticipate being haled into court in Illinois as a result of a social media post that had nothing to do with Illinois. Plaintiff has failed to make out a prima facie case for personal jurisdiction as to Ryse.

## **CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion to dismiss for lack of personal jurisdiction [17] and dismisses the case without prejudice to Plaintiff refiling in an appropriate forum. All remaining motions are denied as moot.[3] Civil case terminated.

---

[3] Because Ryse seeks a transfer to the Eastern District of Texas "in the alternative" to the motions to dismiss for lack of personal jurisdiction and improper venue, and the Court grants the motion to dismiss for lack of

Dated: January 12, 2024

Charles P. Kocoras
United States District Judge

---

personal jurisdiction, the Court declines to analyze whether a transfer of the case to that District is appropriate.  *See Nautilus Ins. Co. v. COA, Inc.*, 2023 WL 2933055, at *3 n.1 (N.D. Ill. 2023).